STATE OF NORTH CAROLINA v. HOWARD OWEN

No. 8029SC1201

(Filed 7 July 1981)

**Extradition § 1— extradition to S.C.—sufficiency of findings**

   The trial court did not err in denying defendant's motion that extradition
to S.C. be denied where the trial court made findings of fact supported by the
evidence that the extradition documents were in order; defendant had been
charged in S.C. with the crime of possession of marijuana with intent to
distribute; defendant was the person named in the extradition request; and
there was probable cause to believe that defendant had fled the jurisdiction of
S.C.

APPEAL by defendant from *Gaines, Judge.* Undated oral
order entered in Superior Court, TRANYSLVANIA County. Heard
in the Court of Appeals 10 April 1981.

On 13 October 1979 R. A. Crowe, Magistrate of Pickens Coun-
ty, South Carolina, issued a warrant for defendant's arrest on a
charge of possession of marijuana with intent to distribute. The
warrant was issued in response to an affidavit filed by an agent
of the Pickens County Sheriff's Department. On 30 October 1979
Governor Richard W. Riley of South Carolina requested defend-
ant's extradition to that State. On 6 November 1979 Governor
James B. Hunt, Jr., of North Carolina, ordered that defendant be
delivered into the custody of the Sheriff of Pickens County.

Upon his arrest defendant filed a petition for writ of habeas
corpus seeking inquiry by a judge of the superior court into the
legality of the extradition. The petition asserted

   [t]hat the State of South Carolina should be put to strict
   proof that the petitioner was within the State of South
   Carolina at any time alleged in the Request for Extradition
   and that [he] is in fact such person as could have committed
   any crime within the State of South Carolina at the times
   alleged.

A writ of habeas corpus was issued ordering defendant to appear
before the Superior Court of Transylvania County for inquiry into
the legality of the extradition. At the hearing held pursuant to
this order an officer of the Pickens County Sheriff's Department
testified that he had worked on the drug case pending against

defendant; that the case involved possession of one-half ton of marijuana allegedly transported from Georgia to Pickens County in a U-Haul truck which was located at the residence of defendant's brother in Pickens County; that the truck lease contract had been executed in defendant's name and defendant's driver's license number was written on the contract; that the contract was executed in Athens, Georgia; and that the license plate number and equipment number on the truck matched the numbers on the contract. He further testified that on the date the truck and marijuana were confiscated three people came out of the home of defendant's brother. Two, Charles Owen and Edgar Owen, brothers of defendant, were apprehended; but the third, a white male more than six feet in height, escaped.

The trial court denied defendant's motion that the extradition be denied, finding as facts (1) that defendant was the person named in the extradition request; (2) that he was charged in Pickens County with possession of marijuana with intent to distribute; (3) that there was probable cause to believe defendant had fled the jurisdiction of South Carolina; (4) that the papers from South Carolina were in order; and (5) that defendant was in lawful custody of the Transylvania County Sheriff's Department, which was empowered to turn his person over to lawful authorities of the State of South Carolina for transportation to that State.

From this denial of his motion that extradition be denied, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Lisa Shepard, for the State.*

*Potts and Welch, by Jack H. Potts, for defendant appellant.*

WHICHARD, Judge.

"An extradition proceeding is intended to be a summary and mandatory executive proceeding. *See,* U.S. Constitution, Art. IV, § 2, cl. 2; G.S., Chap. 15A, Art. 37 (Uniform Criminal Extradition Act.)" *State v. Carter,* 42 N.C. App. 325, 328, 256 S.E. 2d 535, 537, *appeal denied,* 298 N.C. 301, 259 S.E. 2d 302 (1979).

> Whatever the scope of discretion vested in the governor of an asylum state, . . . the courts of an asylum state are

bound by Art. IV, § 2 . . . and, where adopted, by the Uniform Criminal Extradition Act [N.C. G.S. 15A, art. 37]. A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. . . .

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran,* 439 U.S. 282, 288-289, 58 L.Ed. 2d 521, 527, 99 S. Ct. 530, 535 (1978).

The trial court here made findings of fact in the specific language of the first three of the four items set forth above as the only matters into which the courts of an asylum state may properly inquire. It found that the extradition documents were in order; that the defendant had been charged in South Carolina with the crime of possession of marijuana with intent to distribute; and that defendant was the person named in the extradition request. As to the fourth item, whether defendant is a fugitive, the court found that there was probable cause to believe defendant had fled the jurisdiction of South Carolina. A fugitive is "one who flees." Black's Law Dictionary 604 (5th ed. 1979). The term is "used in criminal law with the implication of a flight, evasion, or escape from arrest, prosecution, or imprisonment." *Id.* Thus the finding that there was probable cause to believe defendant had fled the jurisdiction of South Carolina constituted a finding that there was probable cause to believe that he was a fugitive from that state. These findings are amply supported by competent evidence in the record; and "[i]t is settled law that the findings of the trial judge when supported by competent evidence . . . are binding and conclusive in appellate courts in this jurisdiction." *State v. Stepney,* 280 N.C. 306, 317, 185 S.E. 2d 844, 851 (1972).

The trial court having limited its decision to those matters into which the courts of an asylum state may properly inquire,

and its findings on those matters being amply supported by competent evidence in the record, its order should be and is

Affirmed.

Judges MARTIN (Robert M.) and BECTON concur.